UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MADISON B. TURNER,

    Plaintiff,

v.                                                          Case No. 4:21-cv-163-AW-MJF

CHARLES T. CANADY, *et al.*,

    Defendants.

_____/

## **ORDER**

This matter is before this court on Plaintiff's motion to file this motion and her second amended complaint with its attached exhibits under seal. (Doc. 11).[1] Plaintiff's motion also requests that this court provisionally seal her second amended complaint and its exhibits until this court determines that her second amended complaint complies with the Federal Rules of Civil Procedure. (*Id.*). Because Plaintiff has not demonstrated good cause to seal her entire motion and her second amended complaint with its attached exhibits, Plaintiff's motion will be granted in part and denied in part.

---

[1] The page numbers cited herein are those found on the bottom of each page of the motion rather than the page numbers which were assigned by the court's electronic docketing system.

# I. STANDARD

The "courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see Comm'r, Ala. Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1166 (11th Cir. 2019). Public access to court records and proceedings "serves to ensure that the individual citizen can effectively participate in and contribute to our republican system of self[-]government." *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 604 (1982); *see Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983) ("Informed public opinion is critical to effective self-governance.").

"The operations of the courts" are matters "of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). "The common-law right of access . . . is instrumental in securing the integrity" of those operations. *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). American citizens are entitled—and should be encouraged—"to keep a watchful eye on the workings of public agencies," including the courts. *Nixon*, 435 U.S. at 598. Thus, the public generally has a right to access "judicial records," including pleadings and motions. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (defining "judicial records" as documents "filed with the court"); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987)

(noting that the right applies to pleadings); *Advance Loc. Media, LLC*, 918 F.3d at 1167 (noting that the right applies to pretrial motions). Access includes "the right to inspect and copy." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chi. Trib. Co.*, 263 F.3d at 1311).

There is a presumption that judicial records are to be accessible to the public. *Advance Loc. Media, LLC*, 918 F.3d at 1166. A party seeking to seal a judicial record must show good cause to overcome this presumption. *Fed. Trade Comm'n v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013). That is, a moving party "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform" this court's decision-making process. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *see Romero*, 480 F.3d at 1247 (citation omitted) (noting that a party cannot rely on "stereotyped and conclusory statements"). The moving party's justification must be "sufficiently compelling." *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) (listing "a defendant's right to a fair trial before an impartial jury," "protecting the privacy rights of trial participants," and addressing "risks to national security" as sufficiently compelling justifications).

Whether good cause exists is a "factual matter to be decided by the nature and character of the information in question." *Chi. Trib. Co.*, 263 F.3d at 1315; *see Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015)

("The more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it."); *AbbVie Prods. LLC*, 713 F.3d at 62 (noting that "access to [a] complaint is almost always necessary if the public is to understand a court's decision"). Factors relevant to the court's inquiry include:

(1) whether allowing access would impair court functions;

(2) whether allowing access would harm legitimate privacy interests;

(3) the degree of and likelihood of injury if made public;

(4) the reliability of the information;

(5) whether there will be an opportunity to respond to the information;

(6) whether the information concerns public officials or matters of public concern; and

(7) the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

## II. Discussion

Plaintiff's motion and second amended complaint are judicial records. *In re Alexander Grant & Co. Litig.*, 820 F.2d at 355; *Advance Loc. Media, LLC*, 918 F.3d at 1167. Thus, the common-law right of access applies. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d at 672. This court, therefore, must apply the

factors set forth above to determine whether there is good cause to seal Plaintiff's motion and her second amended complaint with its attached exhibits. (Doc. 11).

**A.     Impairment of Court Functions**

A court must consider whether allowing public access to Plaintiff's documents would impair court functions. *Romero*, 480 F.3d at 1246. Plaintiff asserts that, because of her notoriety and the recent media coverage of the "July/August/October 2020 Florida Bar Exam," public disclosure of her motion and second amended complaint will generate unwanted media interest that will prejudice both parties' right to a fair trial. (Doc. 11 at 10-13).

Despite Plaintiff's asserted notoriety, Plaintiff has not shown that adding her allegations to the existing media coverage of the underlying events will prejudice a jury pool against either party. *See Romero*, 480 F.3d at 1247 (quoting *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 565 (1976)) (noting that "pretrial publicity, even if pervasive and concentrated, cannot be regarded as leading automatically . . . to an unfair trial").

**B.     The Harm to Legitimate Privacy Interests**

Courts also must consider whether public access to Plaintiff's documents would harm legitimate privacy interests. *Id.* at 1246. As noted above, Plaintiff must provide a "sufficiently compelling" justification to overcome the presumptive

common-law right of access. *Co. Doe*, 749 F.3d at 269. Potential harm to a party's reputation or image is not a "sufficiently compelling" justification. *Id.* at 269-70.

Plaintiff raises two concerns under the second factor. First, Plaintiff asserts that public access to her attached exhibits of "very sensitive medical photographs" will violate her "fundamental right to privacy" to her medical information and harm her reputation within the legal community. (Doc. 11 at 13-15). Second, Plaintiff asserts that, in providing proof of Defendants' retaliation, she fears additional retaliation from Defendants.[2] (*Id.*).

A complaint, however, need not include attachments to assert a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (holding that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). As noted in this court's May 27, 2021 order, (Doc. 9), Rule 8(a) of the Federal Rules of Civil Procedure requires that Plaintiff plead "factual content that allows the court to draw the reasonable inference that the defendant is

---

[2] Although not directly stated in her motion, Plaintiff's fear of Defendants' retaliation appears to arise from concerns related to disclosure of her communications with Defendants. (Doc. 11 at 3-6). Under Rule 1-65 of the Rules of the Florida Supreme Court Relating to Admissions to the Bar (Bar Admissions Rules), an applicant is not prevented "from disclosing any documents or correspondence served on, submitted by, or provided to the applicant." Plaintiff need not attach any exhibits with her second amended complaint. But if Plaintiff chooses to attach her communications with Defendants, the Bar Admissions Rules do not prevent her from doing so.

liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Plaintiff, therefore, may eliminate her privacy concerns by not including exhibits with her second amended complaint.

Furthermore, if this matter proceeds to discovery, Plaintiff may seek a protective order to address her concerns about public disclosure of information contained in her exhibits. *See* Fed. R. Civ. P. 26(c); *In re Alexander Grant & Co. Litig.*, 820 F.2d at 355 ("In order to preserve the confidentiality of sensitive materials, a district court may regulate access to the information by issuing a protective order pursuant to Rule 26(c)."); *cf. Romero*, 480 F.3d at 1245 (noting that the common-law right of access does not apply to discovery).[3]

## C. The Degree and Likelihood of Injury

Courts further consider the degree of, and likelihood of, injury that might result from allowing public access to the documents. *Romero*, 480 F.3d at 1246. Plaintiff asserts that she, Defendants, and unnamed third parties "will undoubtedly sustain injury" because the information and images in her filings will be "permanently accessible to the public" and will generate "click-bait" articles with "harmful false narratives." (Doc. 11 at 15-17). Plaintiff's arguments are conclusory and fail to show a "sufficiently compelling" degree of, or likelihood of, injury from

---

[3] The undersigned offers no opinion as to whether such a protective order is warranted or whether the undersigned would grant a motion for a protective order.

allowing public access to the documents and exhibits. The public's "right of access cannot be overcome by . . . [a] conclusory assertion." *Press-Enter. Co. v. Superior Ct.*, 478 U.S. 1, 15 (1986); *see Co. Doe.*, 749 F.3d at 269; *Romero*, 480 F.3d at 1247.

**D.    The Reliability of the Information**

Additionally, courts consider the reliability of information contained in the documents that a litigant seeks to seal. *Romero*, 480 F.3d at 1246. Plaintiff asserts that the viability of claims in her second amended complaint hinge on a "few key factual allegations that can only be proven or disproven if this case proceeds to" discovery. (Doc. 11 at 17). In fact, Plaintiff notes that she hopes her allegations are not true. (*Id.*). Plaintiff also contends that disclosure of the information she seeks to include her in amended complaint "undoubtedly" will "cause permanent harm to innocent third parties." (*Id.*). Plaintiff, however, does not identify these third parties, does not state how she knows "undoubtedly" that they will suffer "permanent harm," and does not specify the nature of the "permanent harm" that these unidentified innocent third parties will suffer.

Plaintiff's doubts about the veracity of her claims do not constitute a "sufficiently compelling" justification for granting a motion to seal. *Co. Doe*, 749 F.3d at 269. Plaintiff's doubts, however, should give her pause about filing an amended complaint that contains allegations she does not believe are true. Rule 11 provides some protection against unreliable accusations. Under Rule 11(b), when

filing a complaint, a party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the allegations in the complaint "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Failing to comply with Rule 11(b)(3) may expose a litigant to sanctions. Fed. R. Civ. P. 11(c); *see Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 665 (11th Cir. 2010) (noting that sanctions are available for a Rule 11(b)(3) violation). Those sanctions provide incentive for a litigant to make allegations only when the litigant believes that the allegations are truthful. Plaintiff also should keep in mind that "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

E. **An Opportunity to Respond to the Information**

A court also should consider whether there will be an opportunity to respond to the information a party seeks to seal. *Romero*, 480 F.3d at 1246. Sealing Plaintiff's second amended complaint would impede Defendants' ability to respond fully and fairly to Plaintiff's allegations, and Plaintiff has failed to show otherwise. *See United States v. Gurolla*, 333 F.3d 944, 952 (9th Cir. 2003) (noting that a "lack of access to the sealed documents hampers" the ability to respond).

Plaintiff asserts that this court should provisionally seal her motion and her second amended complaint until this court determines that her second amended complaint complies with the Federal Rules of Civil Procedure. (Doc. 11 at 2). Plaintiff, however, does not grasp the purpose of a provisional seal. Courts use provisional seals to evaluate the "justification[s] for a request to seal," not to consider the plausibility of a plaintiff's allegations. *In re Reps. Comm. for Freedom of Press*, 773 F.2d 1325, 1339 (D.C. Cir. 1985). This court will not use a provisional seal to test the plausibility of the allegations in Plaintiff's second amended complaint.

F.  **The Information Concerns Public Officials or Matters of Public Concern**

Courts also consider whether the information sought to be sealed concerns public officials or matters of public concern. *Romero*, 480 F.3d at 1246. The public has an increased interest in matters of public concern—especially when related to public officials. *See AbbVie Prods. LLC*, 713 F.3d at 70-71 (noting that the common-law right of access is weightier when documents address matters of "significant public events"); *cf. Newman*, 696 F.2d at 801 (noting that "[i]nformed public opinion is critical to effective self-governance").

Plaintiff acknowledges that Defendants are public officials and that her allegations address matters extensively covered by the press. (Doc. 11 at 19). But Plaintiff opines that "there is no present need for the public to have access" to this

motion or her second amended complaint because existing media coverage details the events underlying most of her allegations. (*Id.*). Plaintiff's argument, however, fails to take into consideration the importance of court records being accessible to the public and she severely undervalues the openness that is the hallmark of sound government. *See Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (noting that courts must keep in mind the rights of the public to understand the events at issue in public litigation and to critique the government and the courts).

Plaintiff also predicts that her second amended complaint will include additional parties and claims. (Doc. 11 at 18). If this court were to seal Plaintiff's second amended complaint, the public would be precluded from learning the identities of these additional parties Plaintiff intends to sue and the claims that Plaintiff seeks to raise. *See AbbVie Prods. LLC*, 713 F.3d at 62 (noting that "access to [a] complaint is almost always necessary if the public is to understand a court's decision").

## G. Less Onerous Alternatives Are Available

Finally, courts must consider whether alternatives less onerous than sealing are available. *Romero*, 480 F.3d at 1246. Plaintiff asserts that there are none. (Doc. 11 at 19). Plaintiff simply is incorrect about that. For example, Plaintiff may file her complaint without the exhibits that concern her medical history. Furthermore, enduring particular medical symptoms is not an essential element of any claim that

Plaintiff has asserted thus far. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff may satisfy this standard without attaching exhibits and without delving into her medical history. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324-25 (11th Cir. 2012) (noting that a "complaint must contain enough facts to make a claim for relief plausible on its face").

Alternatively, Plaintiff may be able to redact exhibits to remove information she would like to protect from disclosure. Furthermore, as noted above, if and when this matter proceeds to the discovery phase, Plaintiff may seek a protective order to ensure that Defendants safeguard confidential information. *See* Fed. R. Civ. P. 26(c); *In re Alexander Grant & Co. Litig.*, 820 F.2d at 355. Additionally, Plaintiff can take to heart the requirements of Rule 11 and not make allegations that she believes are false.

### III. Conclusion

In light of the "nature and character of the information" in Plaintiff's motion and second amended complaint, the factors discussed above weigh in favor of denying Plaintiff's motion to seal. Accordingly, it is **ORDERED**:

1. Plaintiff's "Motion For Leave To File Under Seal" (Doc. 11) is **GRANTED IN PART** and **DENIED IN PART**.

2. Because Plaintiff's "Motion For Leave To File Under Seal" contains personal medical information, that document (Doc. 11) shall remain sealed.

3. Because most of Plaintiff's "Motion For Leave To File Under Seal" contains arguments and information that does not need to be sealed, and it is essential for Defendants and the public to understand and evaluate this court's order, the clerk of the court shall file a redacted version of Plaintiff's "Motion For Leave To File Under Seal" which does not include Plaintiff's personal medical information.

4. **On or before September 16, 2021**, Plaintiff shall:

    a. file a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i); or

    b. file a second amended complaint in compliance with this court's May 27, 2021 order (Doc. 9), which shall be **typed or clearly written**,[4] and marked as Plaintiff's "**Second Amended Complaint**."

5. Failure to comply with the directions set forth above likely will result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to state a claim upon which relief can be granted.

**SO ORDERED** this 18th day of August, 2021.

---

[4] Portions of Plaintiff's first amended complaint are illegible and others are decipherable only with great difficulty.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**